97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert W. OAKLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1431.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 6, 1996.*
Decided Sep. 11, 1996.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal of the district court's denial of a petition pursuant to 18 U.S.C. § 2255. The petition challenged various search procedures undertaken to recover balloon-encapsulated drugs which Robert Oakley had swallowed in an attempt to smuggle them into the federal penitentiary at Terre Haute, Indiana, where he was incarcerated. Many of the issues in this case have been discussed in our prior opinion, United States v. Oakley, 944 F.2d 384 (7th Cir.1991). Oakley, pro se, appeals the district court's denial of his § 2255 petition. He particularly now asserts, in connection with an ineffective assistance of counsel claim, that the x-ray of May 11, 1988, was illegally taken against his will and therefore all the evidence recovered through various methods of examination thereafter should have been suppressed (and his counsel should not therefore have stipulated to admissibility of the x-ray). But, given the informant's tip; Oakley's suspicious behavior during his girlfriend's visit; his paucity of bowel movements during the 18 days between the visit and the x-ray and the health concerns involved, there was no Fourth Amendment violation in the taking of the May 11 x-ray (regardless of exactly how many bowel movements occurred during the first ten days of Oakley's detention). For this reason and the reasons stated in the district court's order, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record